IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | ) ) ) | CIV NO. 05-00193 DAE-BMK |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ENTERPRISE RENT- |
| vs. | ) ) | A-CAR COMPANY OF HAWAII'S MOTION FOR DEFAULT |
| JOSEPH PUUOHAU, et al., | ) ) | JUDGMENT AGAINST JOSEPH PUUOHAU AS TO ITS CROSS- |
| Defendants. | ) ) | CLAIM |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
ENTERPRISE RENT-A-CAR COMPANY OF HAWAII'S MOTION FOR
DEFAULT JUDGMENT AGAINST
JOSEPH PUUOHAU AS TO ITS CROSS-CLAIM

Defendant ENTERPRISE RENT-A-CAR COMPANY OF HAWAII's

(hereinafter "Defendant ERAC"), Motion for Entry of Default Judgment on it's

crossclaim against Defendant Joseph Puuohau was heard at 10:00 a.m. on February

9, 2006, by Magistrate Judge Barry M. Kurren.  Wayne S. Sakamoto appeared for

Defendant ERAC.  Keith K. Hiraoka appeared on behalf of Defendant GEICO.

Patricia Kehau Wall appeared for Plaintiffs.  There were no other appearances.

There was no opposition to the Motion.  Based on the following findings of fact and

conclusions of law, the Court hereby FINDS and RECOMMENDS that Defendant

ERAC's Motion for Default Judgment be GRANTED.

## FINDINGS OF FACT

1.      Defendant Enterprise filed its Answer to Complaint for Declaratory Judgment, Filed on March 18, 2005; Cross-Claims; Summons; and Certificate of Service on April 29, 2005.

2.      On June 14, 2005, a certified copy of Defendant ERAC's Answer to Complaint for Declaratory Judgment, Filed on March 18, 2005; Cross-Claims; Summons; and Certificate of Service, filed April 29, 2005 was served on Joseph Puuohau through an adult female who only identified herself as Defendant's niece at 1835 Mahana Street, Honolulu, Hawaii 96816.

3.      That the time within which Defendant Joseph Puuohau may respond to Defendant ERAC's Cross-Claim as provided by the Federal Rules of Civil Procedure or any other rule of the Court has expired.

4.      That Defendant Joseph Puuohau has not requested any request for extension to respond to Defendant ERAC's Cross-Claim.

5.      That Rule 55(d) of the Federal Rules of Civil Procedure states that: "The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim.  In all cases a judgment by default is subject to the limitations of Rule 54(c)."

6.     That on August 8, 2005, Request to Clerk for Entry of Default of Defendant Joseph Puuohau as to Defendant ERAC's Cross-Claim, Filed on 04/29/05, was entered by the Clerk of this Court.

7.     That at no time has Defendant Joseph Puuohau sought to set aside the entry default.

8.     That there was no opposition filed in response to Defendant ERAC's Motion for Default Against Defendant Joseph Puuohau.

## CONCLUSIONS OF LAW

A.     The Court has personal jurisdiction over all parties to this action.

B.     The Court has subject matter jurisdiction over this action and venue is proper in the District of Hawaii.

C.     Based on the foregoing, good cause exists to grant Defendant ERAC's Motion for Default Judgment Against Defendant Joseph Puuohau.

D.     ERAC is not obligated to defend or indemnify Defendant Joseph Puuohau because of the May 26, 2004 accident.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 27, 2006

Liberty Mutual Fire Insurance Co., et al. v. Joseph Puuohau, et al.; Civ No. 05-00193 DAE-BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ENTERPRISE RENT-A-CAR COMPANY OF HAWAII'S MOTION FOR DEFAULT JUDGMENT AGAINST JOSEPH PUUOHAU AS TO ITS CROSS-CLAIM