IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| LIBERTY MUT. FIRE INS. CO., et al., | ) ) ) | CIV NO. 05-00193 DAE-BMK |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT GEICO CASUALTY COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOSEPH PUUOHAU AS TO ITS CROSS-CLAIM |
| vs. | ) ) | |
| JOSEPH PUUOHAU, et al., | ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT GEICO CASUALTY COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOSEPH PUUOHAU AS TO ITS CROSS-CLAIM

Defendant GEICO CASUALTY COMPANY's Motion for Entry of Default Judgment on its crossclaim against Defendant Joseph Puuohau was heard at 10:00 a.m. on February 9, 2006, by Magistrate Judge Barry M. Kurren. Keith K. Hiraoka appeared on behalf of GEICO. Patricia Kehau Wall appeared for Plaintiffs. Wayne S. Sakamoto appeared for Defendant Enterprise Rent-A-Car Company of Hawaii. There were no other appearances. There was no opposition to the motion. The Magistrate Judge proposes the following findings of fact and conclusions of law:

## **FINDINGS OF FACT**

1. On April 29, 2004, Jason Puuohau ("Jason") signed an Enterprise Rent-A-Car Company of Hawaii Rental Agreement for the rental of a Ford F-150 pickup truck (the "Pickup Truck").

2. Only Jason was authorized to operate the Pickup Truck under the Enterprise Rental Agreement.

3. On May 26, 2004, Defendant Joseph Puuohau ("Joseph") was operating the Pickup Truck on Kalakaua Avenue when the Pickup Truck veered onto the sidewalk and struck several pedestrians.

4. Joseph was not authorized to operate the Pickup Truck under the Enterprise Rental Agreement.

5. Joseph did not have a valid drivers license at the time of May 26, 2004 accident.

6. GEICO issued Personal Automobile Policy no. 1879-25-50-06 to Jared Puuohau ("Jared").  The policy was in effect on May 26, 2004.

7. GEICO's duty to defend and indemnify extends only to a person who qualifies as an "insured" under the terms and conditions of the insurance policy.

8. The GEICO policy provides that the operator of a "non-owned" vehicle" qualifies as an "insured" under the policy only if that person has "a reasonable belief that the person is entitled to operate the motor vehicle."

9. The GEICO policy defined the term "non-owned vehicle" as:

> [A]n automobile or trailer not owned by or furnished for the regular use of either [Jared] or a relative, other than a temporary substitute auto.

10. The Pickup Truck was a "non-owned" vehicle under Jared's GEICO policy.

11. At the time of his accident on May 26, 2004, Joseph did not have, nor under the circumstances could he have had, a reasonable belief that he was entitled to operate the Pickup Truck.

## **CONCLUSIONS OF LAW**

A. The Court has personal jurisdiction over all parties to this action.

B. The Court has subject matter jurisdiction over this action and venue is proper in the District of Hawaiʻi.

C. Joseph does not qualify as an "insured" under the GEICO policy with respect to the May 26, 2004 accident.

  D. GEICO is not obligated to defend Joseph against any claims which may be made against him because of the May 26, 2004 accident.

  E. GEICO is not obligated to indemnify Joseph against any liability to pay damages because of the May 26, 2004 accident.

### **RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the District Court enter a judgment in favor of Defendant GEICO CASUALTY COMPANY and against Defendant JOSEPH PUUOHAU declaring that GEICO is not obligated to defend Joseph Puuohau against any claims which may be made against him because of the May 26, 2004 accident, and that GEICO is not obligated to indemnify Joseph Puuohau against any liability to pay damages because of the May 26, 2004 accident.

  IT IS SO FOUND AND RECOMMENDED.



        /s/ Barry M. Kurren
        United States Magistrate Judge
        Dated: February 27, 2006

---

<u>Liberty Mutual Fire Insurance Co., et al. v. Joseph Puuohau, et al.</u>; Civ No. 05-00193 DAE-BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT GEICO CASUALTY COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOSEPH PUUOHAU AS TO ITS CROSS-CLAIM