IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Company, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>JOSEPH PUUOHAU; JARED PUUOHAU; et al.,<br><br>　　　　　Defendants.<br>_____ | ) CIVIL NO. CV05-00193 DAE/BMK<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO GRANT<br>) PLAINTIFFS' MOTION FOR<br>) DEFAULT JUDGMENT AGAINST<br>) DEFENDANT JOSEPH PUUOHAU<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT
AGAINST DEFENDANT JOSEPH PUUOHAU

　　　　Currently pending before the Court is Plaintiffs Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company ("Plaintiffs") First Amended Motion for Default Judgment Against Defendant Joseph Puuohau ("Motion") filed on January 12, 2006. The Motion was heard on February 9, 2006. Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court hereby FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED.

## BACKGROUND

In this action, Plaintiffs seek a binding declaration that, <u>inter alia</u>, they have no duty to defend or indemnify Defendants Joseph Puuohau and/or Jared Puuohau under multiple insurance policies for claims arising from a fatal automobile accident that occurred on or about May 26, 2004 in Waikiki. In the instant motion, Plaintiffs seek default judgment against Joseph pursuant to FRCP 55(b) on the ground that he has not answered or otherwise pled in response to Liberty Mutual's First Amended Complaint, filed herein on June 24, 2005, and that the undisputed facts establish, as a matter of law, that Joseph is not an insured under the subject insurance policies.

### The Policies

Liberty Mutual issued an Auto Owners Policy, No. A02-268-839111-013 2, (the "Auto Policy") to named insureds Jason and Kelley Puuohau. The policy was in effect from August 28, 2003 to August 28, 2004 and included bodily injury ("BI") liability coverage with limits of $250,000 per person and $500,000 per accident.

The Auto Policy provided, in relevant part, that Liberty Mutual would pay damages for which "any <u>insured</u> becomes legally responsible because of an auto accident." The Auto Policy defined an "insured," in relevant part, as "you,"

i.e., the named insured and the named insured's resident spouse, and any "family member." The Auto Policy defined a "family member," in relevant part, as a person who is a resident of the named insured's household and related to the named insured by blood, marriage or adoption.

The Auto Policy also defined an insured to include any person using the named insured's "covered auto." The Auto Policy defined the term "covered auto," in relevant part, to include the vehicles listed in the policy's Declarations, newly acquired automobiles (provided the named insured asks Liberty Mutual to insure the vehicle within 30 days) and a vehicle that is being used as a temporary substitute for another covered auto that is out of service because of breakdown, repair, servicing, loss or destruction.

Notably, the term "covered auto" is not defined to include a rental vehicle, unless it is used as a temporary substitute for another "covered auto."

The Auto Policy also included an exclusion precluding coverage for "any person ... [u]sing a vehicle without a reasonable belief that the person is entitled to do so."

Liberty Mutual also issued a Libertyguard Personal Catastrophe Liability Policy, No. LJ1-261-839084-003 1 (the "Umbrella Policy") to Jason and Kelley Puuohau. The Umbrella Policy was in force during all times relevant hereto

and affords excess liability insurance to the named insureds with a liability limit of $1 million per occurrence.

The Umbrella Policy provided coverage for damages "for which the insured is legally liable." It defined an "insured," in relevant part, as the named insureds, residents of the named insureds' household related to them by blood or marriage, and any person insured under any underlying policy, e.g., the Auto Policy.

The Umbrella Policy also included an exclusion precluding coverage for damages arising out of, <u>inter alia</u>, the "use ... of a motor vehicle ... hired or rented by any insured, unless the liability is covered by an underlying policy or by other valid and collectible insurance.

The Rental Transaction

On or about April 28, 2004, Joseph was involved in an automobile accident while operating his son Jared Puuohau's ("Jared's") 2003 GMC Sonoma. Joseph was cited by police in connection with the accident for driving with a license that had been revoked or suspended.

The insurer for the other driver involved in the accident, AIG Hawaii Insurance Company, agreed to provide Jared with a rental vehicle from Defendant Enterprise Rent-A-Car Company of Hawaii ("Enterprise") while his vehicle was being repaired. However, Jared did not have a credit card, which Enterprise

required for the rental. Jared asked Jason to use his credit card to rent the Enterprise vehicle for him, and Jason did so, signing the rental agreement on Jason's behalf on April 29, 2004.

Enterprise thereafter released the rental vehicle, a Ford F-150 pickup truck (the "Rental Vehicle"), directly to Jared. Jason never took possession of the vehicle.

### The Underlying Lawsuit

On November 8, 2005, Hiroyuki Ishiyama, on behalf of himself and the estate of his late wife, Hikari Ishiyama, filed a First Amended Complaint in the Circuit Court of the First Circuit, State of Hawaii in a case entitled <u>Hiroyuki Ishiyama v. Joseph Puuohau, Jr., et al</u>, Civil No. 05-1-1096-06 (RKOL) (the "Underlying Lawsuit"), alleging that his wife was killed and that he himself was seriously injured on May 26, 2004 when the Rental Vehicle, being operated by Joseph, jumped a curb on Kalakaua Avenue and struck them and several other pedestrians. In addition to claims against Joseph for his allegedly negligent operation of the Rental Vehicle, Mr. Ishiyama asserted claims against Jason and Jared for negligent entrustment of the Rental Vehicle to Joseph.

Mr. Ishiyama is seeking general, special and punitive damages against Joseph and the other Defendants.

Plaintiffs assert – and no party to this proceeding has denied – that at the time of the accident, Joseph was not a resident of Jason's household. Thus, he was not a "family member" within the meaning of the Auto Policy. Further, it is undisputed that the Rental Vehicle was not listed on the Auto Policy's Declarations. Nor did Jason own the vehicle. Rather, it was the property of Enterprise. Moreover, the Rental Vehicle was not being used as a temporary substitute for another vehicle covered under the Auto Policy which was out of use repair or servicing or because of its loss or destruction.

## Procedural History

Liberty Mutual filed the Complaint herein on March 18, 2005. On March 24, 2005, a certified copy of Liberty Mutual's Complaint for Declaratory Relief was served on Joseph at his place of residence. Joseph did not answer or otherwise move to defend against the Complaint, and Liberty Mutual filed a Request for Entry of Default with the Clerk on July 13, 2005, which request was granted on July 13, 2005.

## DISCUSSION

### Joseph's Default

FRCP 55 provides, in pertinent part, as follows:

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or

> otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
> **(b) Judgment.** Judgment by default may be entered as follows:
>
> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Joseph has not answered Liberty Mutual's Complaint herein and, in fact, has made no appearance whatsoever in this action. Moreover, he has not moved to set aside the default entered against him by the Clerk of the Court.

Coverage Issues

Further, it is apparent that Joseph is not an "insured" under the subject policies. The Auto Policy defines "insured" to include, <u>inter alia</u>, the named insured's family members, i.e., a person who is a resident of the named insured's household and related to the named insured by blood marriage or adoption. The Umbrella Policy defined insureds to include, <u>inter alia</u>, the named insured and residents of the named's insured's household related to the named insured by blood or marriage.

Although Joseph is related to Jason by blood, it is undisputed that he did not live with Jason at the time of the accident. Thus, he is neither a "family member" within the meaning of the Auto Policy nor a "resident relative" within the meaning of the Umbrella Policy.

In <u>Mun Quon Kok v. Pacific Ins. Co.</u>, 51 Haw. 470, 462 P.2d 909 (1969), the plaintiff sought uninsured motorist ("UM") coverage benefits under a policy issued to his adult son. The policy afforded UM coverage for "the named insured and any relative." The policy defined "relative" as "a relative of the named insured who is a resident of the same household." The plaintiff lived in a rooming house, while the insured son lived in his own home. The plaintiff's son took two meals a day to the plaintiff at his boarding house, and received his father's mail at

8

his home.  Despite these indicia of material support by the named insured for his father, the Hawaii Supreme Court concluded that the plaintiff was not a "resident" of his insured son's household for purposes of the subject policy.  Id. at 471, 462 P.2d at 911.  See also Crawley v. State Farm Mut. Auto. Ins. Co., 90 Hawaii. 478, 979 P.2d 74 (Haw.App. 1999) (even though mother had sole "physical custody" of minor daughter pursuant to child custody stipulation entered in Family Court, she was not a "relative" within meaning of liability coverage provisions of mother's automobile policy where she lived at father's house since divorce, only visited mother on weekends and did not regularly sleep at mother's house; policy defined "relative" as "person related by blood, marriage or adoption, who lives with you").

Additionally, it is apparent that the rental vehicle was not a "covered auto" under the meaning of the Auto Policy.  The Auto Policy defined "insured," to include, inter alia, persons using "your [the named insured's] covered auto."  The term "your covered auto" is defined, in relevant part, as: (1) a vehicle listed in the policy's Declarations; (2) a newly acquired vehicle, i.e., one for which the named insured becomes the owner; and (3) a vehicle used as a temporary substitute for

another covered vehicle that is out of service because of breakdown, repair, servicing, loss or destruction.[1]

Northbrook Ins. Co. v. United Services Auto. Ass'n, 626 A.2d 915 (D.C. 1993), is on point. The case arose from an accident involving a car which had been rented to USAA's insured, who, in turn, had loaned the vehicle to a friend. The friend then was involved in an accident, and the other driver sued. USAA denied coverage. The coverage provisions for non-owned automobiles at issue in Northbrook were identical to those at issue here, i.e., they afforded coverage for "you or any family member for the ownership, maintenance or use of any auto or trailer" and for "[a]ny person using your covered auto." The USAA policy defined a covered auto to include, inter alia, "any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its: a. breakdown; b. repair; c. servicing; d. loss; or e. destruction." The D.C. Court of Appeals agreed with USAA, holding that the provisions did not extend liability coverage to the renter's friend, even if she was using the vehicle with his permission:

> The car which Mlle. Claudel was driving was not shown
> in the Declarations, nor was it a "temporary

---

[1] Because the Umbrella Policy afforded coverage for "any person insured under any underlying policy," and the Auto Policy is an "underlying policy," this analysis is equally relevant to the Auto and Umbrella policies.

10

> substitute"for any other vehicle which had become unavailable as a result of breakdown, repair, servicing, loss, or destruction. In fact, Major McCarden testified, and Northbrook does not deny, that he rented the car because all of his vehicles were in locations other than Washington, and because he needed one to drive during his visit here.
> Moreover, it is commonly understood in the car insurance business that a "substitute automobile" is one actually but only temporarily used in place of [a] specified automobile for the same use the insured automobile would have been used except for its withdrawal from all normal use and <u>while such withdrawal is because of its breakdown, repair, servicing, loss or destruction</u>. 6B John A. Appleman, Insurance Law & Practice § 4293.5, at 209 n. 38.30 (1979) (emphasis added).

<u>Id.</u> at 918.

In the instant case, there is no evidence that Liberty Mutual's insured, Jason, gave Joseph either express or implied permission to drive the Rental Vehicle involved in the accident. However, even assuming, <u>arguendo</u>, that he did, there is no getting around the fact that the Rental Vehicle was simply <u>not</u> a "covered auto," i.e., the vehicle was not listed on the Auto Policy's Declarations; Jason did not own it; and it was not being used as a "temporary substitute" for one of the vehicles listed in the Declarations. Accordingly, the Rental Vehicle was <u>not</u> a "covered auto," and Joseph is not entitled to coverage for claims asserted in connection with their use of the vehicle.

Additionally, the Auto Policy excludes coverage for "any person ... [u]sing a vehicle without a reasonable belief that the person is entitled to do so." On the day of the accident, Joseph was driving despite the fact that his driver's license had been suspended or revoked. Clearly, as a matter of law, he did not have a reasonable belief that he was entitled to drive the Rental Vehicle.

The Umbrella Policy excludes coverage for damages arising out of, inter alia, the "use ... of a motor vehicle ... hired or rented by any insured, unless the liability is covered by an underlying policy or by other valid and collectible insurance." Assuming, arguendo, that the Rental Vehicle was "rented" by Jason, because Joseph is not an insured under the Auto Policy, i.e., the "underlying policy," and the claims against him are not covered thereunder, there is likewise no coverage for these claims under the Umbrella Policy.

## CONCLUSION

On the basis of the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 27, 2006

Liberty Mutual Fire Insurance Co., et al. v. Joseph Puuohau, et al.; Civ No. 05-00193 DAE-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST JOSEPH PUUOHAU