# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Company, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, | ) ) ) ) ) ) ) | CV NO 05-00193 DAE/BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| JOSEPH PUUOHAU; JARED PUUOHAU; ENTERPRISE RENT-A-CAR COMPANY OF HAWAII, a Missouri corporation; and GEICO CASUALTY COMPANY, a Maryland corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS TO DEFENDANTS JARED PUUOHAU AND ENTERPRISE RENT-A-CAR
<u>COMPANY OF HAWAII</u>

The Court heard Plaintiffs' Motion on March 13, 2006. Richard B.

Miller, Esq., appeared at the hearing on behalf of Plaintiffs; Wayne S. Sakamoto,

Esq., appeared at the hearing on behalf of Defendant Enterprise Rent-A-Car

Company of Hawaii; Defendant Jared Puuohau did not make an appearance; Keith

K. Hiraoka, Esq., appeared at the hearing on behalf of GEICO Casualty Company.

After reviewing the motion and the supporting memoranda, the Court GRANTS Plaintiffs' Motion For Summary Judgment as to Defendants Jared Puuohau and Enterprise Rent-A-Car Company of Hawaii.

BACKGROUND

In this action, Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company (collectively "Liberty Mutual") seek a binding declaration that, inter alia, they owe no duty to defend or indemnify Defendant Jared Puuohau for claims arising from a fatal automobile accident that occurred on or about May 26, 2004, in Waikiki, and that they have no obligation to contribute to any defense or indemnity provided by Defendant Enterprise Rent-A-Car Company of Hawaii ("Enterprise") for claims asserted against Joseph and/or Jared Puuohau in connection with the accident.  Liberty Mutual's motion seeks default judgment against Joseph Puuohau pursuant to Rule 55(b) of the Federal Rules of Civil Procedure on the ground that he has not answered or otherwise pled in response to Liberty Mutual's First Amended Complaint, filed herein on June 24, 2005.[1]  The motion also seeks summary judgment against Enterprise and Jared

_____

[1]On March 1, 2006, Magistrate Judge Barry Kurren issued his Findings and Recommendations to Grant Plaintiffs' Motion for Default Judgment Against Joseph Puuohau. Joseph Puuohau has not, as of March 6, 2006, filed any objections to Judge Kurren's Order. Therefore, this Court only addresses Plaintiffs' motion for summary judgment against Jared Puuohau and Enterprise.

Puuohau, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Neither

Enterprise nor Jared Puuohau has filed an opposition to Liberty Mutual's motion

for summary judgment.

The Policies

           Liberty Mutual issued an Auto Owners Policy, No. A02-268-839111-

013 2, (the "Auto Policy") to named insureds Jason and Kelley Puuohau.  The

policy was in effect from August 28, 2003 to August 28, 2004 and included bodily

injury liability coverage with limits of $250,000 per person and $500,000 per

accident.  The Auto Policy provided, in relevant part, that Liberty Mutual would

pay damages for which "any insured becomes legally responsible because of an

auto accident."  The Auto Policy defined an "insured" as "you," i.e., the named

insured and the named insured's resident spouse, and any "family member."  The

Auto Policy defined a "family member" as a person who is a resident of the named

insured's household and related to the named insured by blood, marriage or

adoption.

           The Auto Policy also defined an insured to include any person using

the named insured's "covered auto."  The Auto Policy defined the term "covered

auto" to include the vehicles listed in the policy's Declarations, newly acquired

automobiles (provided the named insured asks Liberty Mutual to insure the vehicle

3

within 30 days), and a vehicle that is being used as a temporary substitute for another covered auto that is out of service because of breakdown, repair, servicing, loss or destruction.  Notably, the term "covered auto" is not defined to include a rental vehicle, unless it is used as a temporary substitute for another "covered auto."

The Auto Policy also included an exclusion of coverage for "any person ... [u]sing a vehicle without a reasonable belief that the person is entitled to do so."  In addition to the Auto Policy, Liberty Mutual issued a Libertyguard Personal Catastrophe Liability Policy, No. LJ1-261-839084-003 1 (the "Umbrella Policy") to Jason and Kelley Puuohau.  The Umbrella Policy was in effect during the relevant time period of this matter and afforded excess liability insurance to the named insureds with a liability limit of $1 million per occurrence.  The Umbrella Policy provided coverage for damages "for which the insured is legally liable."  It defined an "insured" as the named insureds, residents of the named insureds' household related to them by blood or marriage, and any person insured under any underlying policy, e.g., the Auto Policy.  The Umbrella Policy also included an exclusion precluding coverage for damages arising out of, inter alia, the "use ... of a motor vehicle ... hired or rented by any insured, unless the liability is covered by an underlying policy or by other valid and collectible insurance."

4

The Rental Transaction

On or about April 28, 2004, Joseph Puuohau was involved in an automobile accident while operating his son Jared's 2003 GMC Sonoma. Although the accident was not deemed Joseph's fault, he was cited by police in connection with the accident for driving with a license that had been revoked or suspended.

The insurer for the other driver involved in the accident, AIG Hawaii Insurance Company, agreed to provide Jared with a rental car (the "Rental Vehicle") from Defendant Enterprise while his GMC Sonoma was being repaired. However, Jared did not have a credit card, which Enterprise required as a condition for renting a car. Therefore, Jared asked his brother Jason to use his credit card to rent the Enterprise vehicle for him. Jason did so, signing the rental agreement on Jared's behalf on April 29, 2004.

Enterprise thereafter released the Rental Vehicle, a Ford F-150 pickup truck, directly to Jared. Jason never took possession of the vehicle.

The Underlying Lawsuit

On November 8, 2005, Hiroyuki Ishiyama, on behalf of himself and the estate of his late wife, Hikari Ishiyama, filed a First Amended Complaint in the Circuit Court of the First Circuit, State of Hawaii in a case entitled Hiroyuki

5

Ishiyama v. Joseph Puuohau, Jr., et al, Civil No. 05-1-1096-06 (RKOL) (the "Underlying Lawsuit"), alleging that his wife was killed and that he himself was seriously injured on May 26, 2004, when the Rental Vehicle, operated by Joseph Puuohau, jumped a curb on Kalakaua Avenue and struck them and several other pedestrians.  In addition to claims against Joseph for his allegedly negligent operation of the Rental Vehicle, Mr. Ishiyama asserted claims against Jason and Jared for negligent entrustment of the Rental Vehicle to Joseph.

Mr. Ishiyama is seeking general, special and punitive damages against Joseph Puuohau and the other Defendants.  Liberty Mutual asserts – and no party to this proceeding has denied – that at the time of the accident, neither Joseph nor Jared was a resident of Jason's household.

<u>STANDARD OF REVIEW</u>

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Porter v. Cal. Depot of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  A main

purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celatox Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial—usually, but not always, the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and  may not rely on the mere allegations in the pleadings.  Porter, 383 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

8

DISCUSSION

At the outset, the Court notes that Defendants have not opposed Liberty Mutual's motion.  The Federal Rules of Civil Procedure provide that, for a party to successfully oppose a motion for summary judgment that was made and supported as required by Rule 56, the adverse party's response must, by affidavits or as otherwise provided by the rule, set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party.  Id. (emphasis added).

Regardless, the Court cannot grant summary judgment based on the mere fact, without more, that Defendants did not oppose Liberty Mutual's motion. The Ninth Circuit has repeatedly held that it is error for a district court to grant a motion for summary judgment simply because the non-moving party failed to oppose.  In re Rogstad, 126 F.3d 1224, 1227 (9th Cir. 1997).  Under Rule 56 of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial.  "The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition ....  A local rule that requires the entry of summary judgment simply because no papers opposing the motion are

9

filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56." <u>Rogstad</u>, 126 F.3d at 1227 (citing <u>Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima</u>, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule.")); <u>Cristobal v. Siegel</u>, 26 F.3d 1488, 1491 (9th Cir. 1994); <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993); <u>Hoover v. Switlik Parachute Co.</u>, 663 F.2d 964, 967 (9th Cir. 1981) (holding that, where no opposition to motion filed, summary judgment should not be granted if the evidence in support of the motion is insufficient).

Local Rule 56.1 states that "[f]or purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." While this Court is not permitted to grant Liberty Mutual's motion for summary judgment as a matter of course, it must deem all facts proffered in their concise statement of material facts as admitted by Defendants. Therefore, the Court proceeds to determine whether the facts, as asserted in Liberty Mutual's concise statement of material facts warrant a grant of summary judgment in this matter. The Court holds that it does.

I.      Liberty Mutual Owes No Duty To Defend Or Indemnify Claims Against Joseph Or Jared Puuohau Based On The Auto Policy Or The Umbrella Policy

      A.      Jared Is Not Considered A "Family Member" Pursuant To The Auto Or Umbrella Policy

As noted above, the Auto Policy was issued to Jason Puuohau and required Liberty Mutual to pay for damages that "any insured becomes legally responsible because of an auto accident." The term "insured", inter alia, is defined as Jason Puuohau and any "family member." "Family member" is defined as any person who is a resident of the named insured's household *and* related to the named insured by blood, marriage or adoption. The Umbrella Policy defines an "insured," in relevant part, as the named insureds, residents of the named insureds' household related to them by blood or marriage, and any person insured under any underlying policy, e.g., the Auto Policy.

Liberty Mutual has claimed, and there is no evidence to the contrary, that neither Joseph nor Jared Puuohau was a resident of the same household as Jason Puuohau at the time of the accident or when the insurance policies were issued. Therefore, this Court finds that they are not "family members" for purposes of the Auto Policy or the Umbrella Policy, and Liberty Mutual is not liable to provide insurance for claims against Joseph or Jared Puuohau based on this

11

provision of the Auto or Umbrella Policy.  See Mun Quon v. Pacific Ins. Co., 462 P.2d 909 (Haw. 1969).

     B.    The Rental Vehicle Did Not Qualify As A Covered Auto Under The Auto Policy

The Auto Policy also defined the term "insured" to include persons, even non-family members, using "your [Jason Puuohau's] covered auto."  A "covered auto" as defined in the Auto Policy means: (1) any vehicle listed in the Declarations; (2) a newly acquired vehicle during the policy period; and (3) Any auto that is not owned by the insured, but is used as a temporary substitute for any other vehicle described in the definitions which is out of normal use because of breakdown, repair, servicing, loss, or destruction.

In the instant case, there is no dispute that Jared Puuohau's GMC Sonoma initially wrecked by Joseph Puuohau is not a listed vehicle covered by the Auto Policy.  Furthermore, there is no dispute that the Rental Vehicle signed for by Jason Puuohau from Enterprise was not used as a temporary substitute for any of the listed vehicles covered by the Auto Policy.  The evidence suggests Jason at no time drove or took possession of the Rental Vehicle.  Rather, Jared Puuohau, who is not covered under Liberty Mutual's insurance policies, intended to use the Rental

Vehicle as a substitute for his GMC Sonoma, which was in the process of being repaired as a result of Joseph Puuohau's earlier accident.

The Rental Vehicle also does not constitute a covered vehicle pursuant to the Umbrella Policy.  The Umbrella Policy specifically excludes coverage for damages deriving from the "use . . . of a motor vehicle . . . hired or rented by an insured, unless the liability is covered by an underlying policy or by other valid and collectible insurance."  As the above discussion indicates, the Rental Vehicle was not a covered vehicle pursuant to the Auto Policy, and therefore it does not fall under the purview of the Umbrella Policy

C.    Section 431:10C-303.5 Of The Hawaii Revised Statutes Does Not Require Liberty Mutual To Cover Claims Against Joseph Or Jared Puuohau

Although Enterprise has not filed an opposition to the instant motion for summary judgment, it asserted in its Answer that Section 431:10C-303.5 of the Hawaii Revised Statutes may require Liberty Mutual to defend and/or indemnify claims against Jared and Joseph Puuohau.  The Court disagrees.

Section 431:10C-303.5 of the Hawaii Revised Statutes governs the apportionment of primary responsibility for insurance coverage in a situation where both the U-drive rental business and the operator or renter of an auto have motor

13

vehicle insurance policies.  This statute does not purport to create coverage where none exists.  As Jared and Joseph Puuohau are not covered under any Liberty Mutual Insurance Policy, there can be no apportionment of primary or secondary liability pursuant to the statute.  Therefore, this Court finds that Section 431:10C-303.5 of the Hawaii Revised Statutes does not require Liberty Mutual to in any way provide coverage or respond to claims against Jared or Joseph Puuohau.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Liberty Mutual's Motion For Summary Judgment as to Defendants Jared Puuohau and Enterprise Rent-A-Car Company of Hawaii.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 13, 2006.



_____
David Alan Ezra
United States District Judge

<u>Liberty Mutual Fire Ins. Co., et al. v. Joseph Puuohau, et al.</u>, CV No. 05-00193 DAE-BMK; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS JARED PUUOHAU AND ENTERPRISE RENT-A-CAR COMPANY OF HAWAII

14